**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4515**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLESHON JOAQUIN MACK,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:04-cr-00582-TLW)

Submitted:  July 9, 2007          Decided:  July 20, 2007

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Cleshon Joaquin Mack pled guilty to two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 2000 & Supp. 2007) and 18 U.S.C. § 2 (2000). The district court granted the government's motion for a downward departure from the thirty-two-year sentence and sentenced Mack to twenty-four years in prison. Mack timely appealed. Mack's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the Fed. R. Crim. P. 11 hearing and the extent of the district court's downward departure. Mack was advised of his right to file a pro se supplemental brief, but he did not file one.

Counsel raises as a potential issue the adequacy of the plea hearing, but does not specify any deficiencies in the district court's Rule 11 inquiries. Because Mack did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Mack's guilty plea and ensured that Mack entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel also questions the extent of the district court's downward departure. This court does not have "jurisdiction to review the extent of the district court's downward departure, except in instances in which the departure decision resulted in a sentence imposed in violation of the law or resulted from an incorrect application of the Guidelines." United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995). The court considered the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) and explained its reasons for imposing its sentence. We do not find under these circumstances that Mack's sentence was unreasonable. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Mack's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

- 3 -

materials before the Court and argument would not aid the decisional process.

AFFIRMED